IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
v. ) Crim. No. 10-09E
JEFFREY KENT WITSCHER, )
)
Defendant. )

# OPINION

Pending before the Court is "Defendant's Objections to the Presentence Report" [Doc. #39]. Defendant's objections are directed towards paragraphs 19 through 30 (collectively) and paragraph 35 of the Pre-Plea Investigation Report ("PPIR").

### I. Paragraphs 19-30 of the PPIR.

With respect to paragraphs 19 to 30 of the PPIR, Defendant argues:

> [t]he description of the offense in each of these paragraphs claims that Mr. Witscher "willfully and feloniously committed and/or attempted to commit a lewd and lascivious act against a minor female who was under the age of 16." Mr.Witscher objects to this allegation. Mr. Witscher pled no contest to these charges. Under North Carolina law, a plea of no contest may not be used in another case prove that the defendant committed the crime to which he pled no contest because he has not admitted he committed the offense." State v. Holden, 362 S.E.2d 513, 536 (N.C. 1987). Mr. Witscher denies the accuracy of the descriptions and the descriptions of the offense should be stricken.

Defendant's Objections to the Presentence Report, p. 1.

While the language varies slightly in each of the paragraphs, the essential facts in each paragraph to which Defendant objects is as follows.

> Records provided by the United States Probation Office for the Western District of North Carolina reflect that on or about [a specified date], the defendant willfully and feloniously committed and/or attempted to commit a lewd and lascivious act against a minor female who was under the age of 16. It is further reflected that the defendant was represented by legal counsel in this case. On January 19, 2006, the defendant appeared before the North Carolina Superior Court (Wilkes County) located in

> Wilkesboro, North Carolina, and was adjudged guilty of the above-listed offense. The defendant was sentenced before the court on that same date to not less than 21 but not more than 26 months' imprisonment with credit awarded for [a specified number] days. The defendant's sentence in this case was completed on [a specified date]. Additional details relative to the defendant's arrest and/or conviction, including a description of the defendant's criminal conduct or charging documents, were not provided.

PPIR, ¶ 19. See also PPIR, ¶¶ 20-30.

The September 16, 2002 transcript of Defendant's plea and sentencing hearing, where Defendant pled no contest to 12 counts of Felony Indecent Liberties with Child in violation of North Carolina state law, contains a detailed recitation by the prosecutor of the evidence it had to support the charges against Defendant. September 16, 2002 Transcript, pp. 7-9. In U.S. v. Leekins, 493 F.3d 143 (3d Cir.), cert. den'd, 552 U.S. 1002 (2007), the appellate court explained:

> The facts upon which a judge bases a sentence must have "'sufficient indicia of reliability to support [their] probable accuracy'." Such indicia may be sufficient even if they do not meet trial standards; the Federal Rules of Evidence do not apply. See U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability[.])."

Id. at 149-150 (citations omitted). Based upon the contents of the September 16, 2002 Transcript, and not considering the Defendant's no contest plea to the charges, we find that there is a "sufficient indicia of reliability to support the[] probable accuracy" of the Probation Office's description of Defendant's convictions at paragraphs 19-30 of the PPIR. Therefore, while Defendant's continued denial of the accuracy of the descriptions of the offenses in paragraph 30 through 37 of the PPIR is noted, Defendant's request that the descriptions of the offenses in paragraphs 30 through 37 of the PPIR be stricken is DENIED.

2

## II. Paragraph 35 of the PPIR.

At paragraph 35 of the PPIR, the probation office concluded that:

The defendant possesses a history of prior criminal convictions, including multiple convictions of Felony Liberties with Child; and Felony Escape Local Jail, all of which are crimes of violence. Since the instant offenses are crimes of violence and the defendant was 18 years or older at the time of the commission of the instant offenses, the defendant is a career offender within the meaning of § 4B1.1 of the guidelines. Accordingly, because it appears he would be considered a career offender, the defendant's criminal history category would otherwise be enhanced to VI, pursuant to U.S.S.G. § 4B1.1.

Defendant objects to the conclusion that he is a career offender. Specifically, Defendant contends that he does not qualify for career offender enhancement because: (1) his indecent liberties with children convictions were not a "crime of violence;" and (2) the government cannot establish that his escape conviction was not a walkaway escape and therefore, his prior felony escape conviction cannot be counted as a "crime of violence." Defendant's Objections to the Presentence Report, p. 1.

U.S.S.G. § 4B1.1 is titled "Career Offender," and states in relevant part: "(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The term "crime of violence" is defined in U.S.S.G. § 4B1.2 as follows:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

3

> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

In Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008), the United States Supreme Court addressed whether a driving under the influence offense was to be counted as a "violent felony" under the Armed Career Criminal Act ("ACCA"). Here, we are concerned with the definition of "crime of violence" under section 4B1.2(a) of the Sentencing Guidelines. Begay is relevant to our inquiry, however, because the definitions of "violent felony" and "crime of violence" are identical in all relevant respects. United States v. Polk, 577 F.3d 515, 519 n.5 (3d Cir. 2009); United States v. Hopkins, 577 F.3d 507, 511 (3d Cir. 2009).

In Begay, the Supreme Court held that a New Mexico Driving Under the Influence statute was not a "violent felony" within the meaning of the Armed Career Criminal Act. Begay, 128 S.Ct. at 1588. In so holding, the Court reaffirmed its "categorical approach" to determining what is a "violent felony" and considered "the offense generically, that is to say, . . . in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 1584 (citing Taylor v. United States, 45 U.S. 575, 602, 110 S.Ct. 2143 (1990), and noting that Taylor adopted this "categorical approach").

Under the categorical approach then, looking "only to the fact of conviction and the statutory definition of the prior offense," we must determine whether the Defendant's prior convictions: (1) have as an element of the crimes, "the use, attempted use, or

4

threatened use of physical force against the person of another" or (2) was "burglary, arson, or extortion, involve[d] use of explosives, or otherwise involve[d] conduct that presents a serious potential risk of physical injury to another" ("the residual clause"). Taylor v. U.S., 495 U.S. at 602; 18 U.S.C. § 924(e)(2)(B)(ii). Further, and notably, the United States Court of Appeals for the Third Circuit has explained that "the conduct falls within the residual clause if it poses a degree of risk that is similar to the degree of risk posed by the enumerated offenses ('burglary of a dwelling, arson, extortion [or] involves use of explosives'), and is similar in kind to those offenses." U.S. v. Stinson, 592 F.3d 460, 465 (3d Cir. 2010) (citing Begay, 128 S.Ct. at 1586) (emphasis added). "Begay further explains that an offense is similar in kind to the enumerated offenses if it 'typically involve[s] purposeful, violent, and aggressive conduct'." Id. (citing Begay, 128 S.Ct. at 1586) (internal quotations and citations omitted).

It is not always possible, however, to use a categorical approach to classify a prior conviction. Where a single statute criminalizes different kinds of conduct, some of which would constitute crimes of violence while others would not, then the statute is divisible, and we "must apply a modified categorical approach by which a court may look beyond the statutory elements to determine the particular part of the statute under which the defendant was actually convicted." Stinson, 592 F.3d at 462; see also Johnson, 587 F.3d 203, 208 (3d Cir.2009) (same). In so determining, we may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record." Shepard v. U.S., 544 U.S. 13, 17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

5

## A. Defendant's violation of N.C. General Statute 14-202.1 – Taking Indecent Liberties with Children.

Defendant pled no contest to, and was convicted of, violating North Carolina's "Taking Indecent Liberties with Children" statute, N.C.G.S. § 14-202.1. Thus, we begin our determination of whether Defendant is a career offender for sentencing purposes by deciding whether a conviction under North Carolina General Statute ("N.C.G.S.") § 14-202.1 constitutes a "crime of violence." N.C.G.S. § 14-202.1 states:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
>
> (b) Taking indecent liberties with children is punishable as a Class F felony.

Id.

Our first query, because the parties disagree, is which subsection of § 14-202.1 was Defendant convicted of violating (a)(1) or (a)(2). Having examined the documents provided by both parties, specifically, the twelve Indictments filed against Defendant,[1] the twelve arrest warrants served upon Defendant based upon the Indictments,[2] and the

---

[1] All twelve (12) Indictments are substantially identical (the dates of the charged offenses and the names of the minors are not the same in each indictment). Each Indictment states: "INDECENT LIBERTIES/CHILD G.S. 14-202.1(A)(1)." (Emphasis added). Each Indictment further states: "I. The jurors for the State upon their oath present that on or about [a certain date], in the county named above the defendant named above unlawfully, willfully, and feloniously did commit and attempt to commit a lewd and lascivious act upon the body of [name of minor] who was under the age of 16 years at the time. At the time, the defendant was over the age of 16 years of age and at least five years older than that child." (Emphasis added).

[2] Each warrant for Arrest states the offense as "INDECENT LIBERTIES WITH CHILD." Each warrant further states "I, the undersigned, find that there is probable cause to believe that on or about the date of offenses shown and in the county named above the defendant named above unlawfully, willfully and feloniously did

6

September 16, 2002 transcript of the court proceeding wherein Mr. Witscher pleaded no contest to the twelve counts charged in the Indictment,[3] which were combined into three counts for sentencing purposes, and was sentenced, we find that Mr. Witscher was charged with, pled no contest to, and was convicted of violating N.C.G.S. § 14-202.1(a)(2), which makes it a crime to "willfully commit[] or attempt[] to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of

---

commit and attempt to commit a lewd and lascivious act upon the body of [name of minor] who was under the age of 16 years at the time. At the time, the defendant was over 16 years of age and at least five years older than that child. In violation of G.S. 14-202.1(a)(2). (Emphasis added).

[3] In relevant part, the September 16, 2002 transcript states:

Q. . . . Have the charges been explained to you by your attorney, and do you understand the nature of the charges and every element of each charge?

A. Yes, sir.

. . .

Q. You understand that you are pleading no contest to the following charges which carry the following maximum sentence: . . . twelve charges of indecent liberties with a minor, each of which is punishable by up to fifty-nine, by up to fifty-nine months in prison?

A. Yes.

Q. Your answer?

A. Yes Sir.

Q. Do you now personally pled [sic] no contest?

A. Yes, sir.

Q. You understand upon your plea to no contest, you'll be treated as being guilty whether or not you admit that you are in fact guilty?

A. Yes, sir, Your Honor.

. . .

Q. These are the terms [of the plea agreement]: Defendant will plead no contest to all charges; the Defendant will be sentenced in 02-CR-51754, 55 and 66, and all the remaining charges will be consolidated into the three named charges; the Defendant will be given credit for any active sentence for all the time he's served while waiting trial. Is this correct as being your full plea agreement?

A. Yes, Sir.

September 16, 2002 Transcript, pp. 4-6.

7

either sex under the age of 16 years" and not section 14-202.1(a)(1). The only mention of section 14-202.1(a)(1) is at the top of the page of each Indictment : "INDECENT LIBERTIES/CHILD G.S. 14-202.1(A)(1)." We find that this appears to be a typographical error.

Turning to the elements which must be proven to establish a violation of N.C.G.S. §14-202.1(a)(2), in State v. Banks, 322 N.C. 753, 767, 370 S.E.2d 398, 407 (1988), the North Carolina Supreme Court explained that "[u]nder [N.C.G.S. § 14-202.1(a)(2)] the state, in addition to the age requirements, must prove ...under subsection (2), a 'lewd or lascivious act upon or with the body or any part or member of the body" of the child'."). See also State v. Reber, 182 N.C.App. 250, 254, n.1, 641 S.E.2d 742, 745, n. 1 (2007) (elements of taking indecent liberties with a minor are: (1) willfully taking or attempting to take any immoral, improper, or indecent liberties with, or committing or attempting to commit any lewd or lascivious act upon any part of the body of (2) a child under the age of sixteen (3) when the defendant is at least sixteen years old and at least five years older than the victim."); State v. Hammett, 182 N.C. App. 316, 321-22, 642 S.E.2d 454, 458 (2007) (same); State v. Blakely, 2004 WL 1098732, *7 (N.C. App.) (same). Significantly, the state appellate court "has defined the words 'lewd' and 'lascivious' according to their plain meaning in ordinary usage. Hence, 'lewd' has been defined as '"inciting to sensual desire or imagination"' while 'lascivious' has been defined as '"tending to arouse sexual desire"'." Hammett, 642 S.E.2d at 458 (citation omitted).

Reviewing the elements needed to be proven in order to establish a violation of N.C.G.S. § 14-202.1(a)(2), we find that N.C.G.S. § 14-202.1(a)(2) does not have as an

8

element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). We further find that N.C.G.S. §14-202.1(a)(2) is not "burglary, arson, or extortion, [or] involve use of explosives." U.S.S.G. § 4B1.2(a)(2). Finally, we find that N.C.G.S. §14-202.1(a)(2) does not fall under the residual clause of § 4B1.2(a)(2) because it is not an offense that "presents a serious potential risk of physical injury to another," i.e. it is not a crime that typically involves purposeful, violent, and aggressive conduct. U.S.S.G. § 4B1.2(a)(2); Begay, 128 S.Ct. at 1586.

In making this determination, that N.C.G.S. § 14-202.1(a)(2) is not a crime that typically involves purposeful, violent, and aggressive conduct, and therefore, is not a "crime of violence,"[4] we have examined, as we must, how North Carolina state courts have interpreted N.C.G.S. § 14-202.1(a)(2). See Johnson v. U.S., 130 S.Ct. 1265, 1269 (2010) (explaining that, in conducting the Armed Career Criminal Act analysis, "[w]e are ... bound by the [state] Supreme Court's interpretation of state law, including its determination of the elements of [the pertinent statute]"). In particular, we have reviewed North Carolina cases in which it is clear what conduct was found by the state courts to violate N.C.G.S. § 14-202.1(a)(2) and this review leads us to the conclusion that the criminal conduct encompassed by N.C.G.S. §14-202.1(a)(2) covers such a broad range of conduct that we cannot hold that a violation of the subsection *typically* involves purposeful, violent, and aggressive conduct. See State v. Banks, 322 N.C. 753, 370 S.E.2d 398, 407 (1988) (North Carolina Supreme Court upheld the defendant's convictions under § 14-202.1(a)(2), finding that the defendant's placing his

---

[4] In so finding, we acknowledge that in U.S. v. Vann, 620 F.3d 431 (4th Cir. 2010), the appellate court concluded that N.C.G.S. § 14-202.1(a)(2) was a "violent felony" under the ACCA. On January 6, 2011, however, that decision was vacated and the court agreed to rehear the case en banc. Briefing was completed at the end of March 2011. Oral argument was scheduled to be held in May 2011. So far no decision has been rendered.

9

tongue in the mouth, ears and noses of two minors violated the statute); State v. Carter, 2007 WL 3518, *7 (N.C. App.) (North Carolina Court of Appeals upheld the defendant's conviction under § 14-202.1(a)(2), finding that the defendant's massaging the minor's feet, calves, thighs, and the tops of her legs, while she was lying on her bed covered only by a towel and the defendant played soft music, provided lingerie to the minor, and blindfolded her, violated the statute); State v. Hammett, 182 N.C.App. 316, 322, 642 S.E.2d 454, 458-59 (2007) (North Carolina Court of Appeals upheld the defendant's convictions under § 14-202.1(a)(2), finding that the defendant's french kissing the minor and masturbating while lying in the same bed as the minor violated the statute); State v. Black, 2007 WL 817447 (N.C. App.) (North Carolina Court of Appeals upheld the defendant's conviction under §14-202.1(a)(2) based upon the defendant having sexual intercourse with the minor); State v. Ramos, 2006 WL 695833, *3 (N.C. App) (North Carolina Court of Appeals upheld the defendant's convictions under § 14-202.1(a)(2), finding that the defendant's grabbing the minor, kissing her all over her face and attempting to kiss her lips, and touching her breast violated the statute); State v. Kistle, 59 N.C.App. 724, 297 S.E.2d 626 (1982) (North Carolina Court of Appeals upheld the defendant's conviction under § 14-202.1(a)(2), finding that the defendant's taking a photograph of a nude minor in a sexually suggestive position violated the statute). Significantly, this conclusion is consistent with the North Carolina legislature's intent behind the enactment of this statute which was "to encompass more types of deviant behavior, giving children broader protection than available under other statutes proscribing sexual acts." State v. Etheridge, 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987) (citing State v. Harward, 264 N.C. 746, 142 S.E.2d 691 (1965)).

Having found that a violation of N.C.G.S. § 14-202.1(a)(2) does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2, the probation office erred when it concluded, based upon Defendant's prior convictions under N.C.G.S. § 14-202.1(a)(2), that he was a "Career Offender" under U.S.S.G. § 4B1.1. Defendant's objection to Paragraph 35 of the PPIR, wherein it is stated that he is a career offender within the meaning of § 4B1.1 of the Guidelines, is sustained.

## B. Defendant's violation of N.C.Gen.Stat. §14-256/N.C.Gen.Stat. § 148-45(b)- Felony Escape.

Defendant also argues that "unless the government can establish that Mr. Witscher's offense was not a walkaway escape it cannot be considered a crime of violence." Defendant's Objections to the Presentence Report, p. 8. The government's response to this contention is that a review of the transcript of the guilty plea proceeding makes it clear that "this was not a walkaway escape." Government's Response, p. 18.

Initially, we note that it is not clear which North Carolina statute Defendant was convicted of violating based upon his escape from custody, N.C.G.S. §14-256 or N.C.G.S. § 148-45(b).[5] Both statutes are substantively the same; the only notable

---

[5] N.C.G.S. § 148-45(b) states in pertinent part:

> (b) Any person in the custody of the Department of Correction, in any of the classifications hereinafter set forth, who shall escape from the State prison system, shall, except as provided in subsection (g) of this section, be punished as a Class H felon.
>
> (1) A prisoner serving a sentence imposed upon conviction of a felony.

Id. N.C.G.S. § 14-256 states:

> [i]f any person shall break any prison, jail or lockup maintained by any county or municipality in North Carolina being lawfully confined therein, or shall escape from the lawful custody of any superintendent, guard or officer of such prison, jail or lockup, he shall be guilty of a Class 1 misdemeanor, except that the person is guilty of a Class H felony if:

11

distinction between the two statutes being the type of facility from which an individual escapes.

In the Pre-Plea Investigation Report, the probation officer stated that the information he received from the North Carolina Probation Office in the Western District of North Carolina was that "the defendant escaped from the Wilkes County Detention Center, a jail maintained by the Wilkes County Sheriff's Office." PPIR, ¶ 32. Similarly in his objections, Defendant noted that his escape conviction was for violating N.C.G.S. § 14-256. The criminal information and indictment charge Mr. Witscher under N.C.G.S. § 148-45(b), but the judgment and commitment list the statute he violated to be N.C.Gen.Stat. §14-256.

Reviewing these escape statutes under the categorical approach to determine whether they are a "crime of violence," it is clear that neither statute has, as an element of the crime, "the use, attempted use, or threatened use of physical force against the person of another." Nor are these crimes "burglary, arson, or extortion, [or] involve use of explosives." Therefore, we return again to the query of whether the escape statutes fit within the residual clause, i.e. they "otherwise involve conduct that presents a serious potential risk of physical injury to another."

Reviewing the transcript of the hearing at issues, the statements in the transcript which support the government's contention that the Defendant's escape was a crime of violence were all made by defense counsel as he argued to the judge for leniency for

---

(1) He has been convicted of a felony and has been committed to the facility pending transfer to the State prison system; or

(2) He is serving a sentence imposed upon conviction of a felony.

Id.

the defendant. We find that these statements by defense counsel cannot be used to establish that Mr. Witscher's prior escape conviction, whether under N.C.G.S. §14-256 or N.C.G.S. § 148-45(b), was a "crime of violence."

Therefore, given that the government has not established that Defendant's prior escape conviction, whether under N.C.G.S. §14-256 or N.C.G.S. § 148-45(b), was a "crime of violence," the probation office erred when it concluded, based in part upon Defendant's prior escape conviction, that he was a "Career Offender" under U.S.S.G. § 4B1.1. Defendant's objection to Paragraph 35 of the PPIR, wherein it is stated that he is a career offender within the meaning of § 4B1.1 of the Guidelines, is sustained.

June __8__, 2011.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge